The People of the State of Illinois, Plaintiff-Appellant, v. Frank Piatt, Defendant-Appellee.

Gen. No. M–10,593.

Fourth District.

March 8, 1965.

John R. Dean, State's Attorney, of Danville, Everett L. Laury, Assistant State's Attorney, for appellant.

Gino Groppi, of Danville, for appellee.

CRAVEN, J.

On March 31, 1964, the defendant, Frank Piatt, was arraigned in the trial court on an information charging the offense of drag racing in violation of a cited section of the State statute. The defendant entered a plea of not guilty. On the date the cause was set for trial, but before the jury was empaneled or any witnesses sworn, the State moved to amend the information to charge the offense of reckless driving. The motion to amend was denied.

The State then moved to dismiss the charge of drag racing and the same was dismissed.

On the following day, another information was filed charging the defendant with reckless driving. The defendant moved to dismiss the second information on the grounds that the offense charged arose out of the same conduct for which the defendant had earlier been charged with drag racing. The defendant's motion to dismiss was allowed and the State has prosecuted this appeal.

Sec 3-3 of the Criminal Code of 1961 provides: (Ill Rev Stats 1961, c 38)

> "(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.
>
> "(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act.
>
> "(c) When 2 or more offenses are charged as required by Subsection (b), the court in the

interest of justice may order that one or more of such charges shall be tried separately."

There is no controversy here but that the charge of drag racing and the charge of reckless driving are based on the same conduct of the defendant. It is the position of the State that jeopardy had not attached on the drag racing charge, and therefore the subsequent reckless driving prosecution was not barred. It is further contended that the dismissal of the drag racing charge will not bar another prosecution for the same offense and that the word "prosecution," as used in the quoted section of the Criminal Code means not only the filing of an information or the return of an indictment but also includes final disposition of the case by a judgment or verdict and any review thereof by appeal.

In the case of People v. Watson, 394 Ill 177, 68 NE2d 265, an indictment for burglary against the defendant was dismissed before trial and subsequently reinstated. In a review of the conviction, the Supreme Court held that the earlier dismissal was not a final disposition, and at page 179 stated:

" 'A nolle prosequi is not a final disposition of the case, and will not bar another prosecution for the same offense . . .' . . . If it is entered before jeopardy has attached, it does not operate as an acquittal, so as to prevent a subsequent prosecution for the same offense."

The Watson case was concerned with the question of jeopardy as was the case of People v. Flaherty, 396 Ill 304, 71 NE2d 779. The last cited case, in discussing the constitutional prohibition against double jeopardy, is authority for the proposition that when the same act or same wrongful conduct constitutes separate and distinct offenses, prosecution may be

257

had and the constitutional prohibition against double jeopardy is not violated.

Section 3-3 of the Criminal Code of 1961 is not a mere statutory enactment the same as the constitutional guaranty against double jeopardy. It is rather a statutory enactment of mandatory or compulsory joinder of offenses which arise out of the same act or conduct of the defendant. It has no application when the same conduct offends against two separate sovereigns, nor is it applicable to prohibit separate prosecutions for a series of acts each resulting in a criminal offense and interrelated one with the other but, nevertheless, separate and substantial crimes.

Section 3-3 is obviously a departure from the common law with reference to joinder of offenses which was in certain instances permissive only. This substantial change was an enactment of mandatory or compulsory joinder of offenses which arise out of the same conduct and which are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court. This legislation is clear and unambiguous. We are not, therefore, required to search for the legislative intent nor to apply the rules of statutory construction ordinarily used in ascertaining intent. A full and complete understanding of the legislative purpose, however, necessitates a consideration of the development and background of the question of joinder of offenses.

The case of People v. Ciucci, 8 Ill2d 619, 137 NE2d 40, affirmed on certiorari by the United States Supreme Court, 356 US 571, was a case in which the defendant allegedly shot and killed his wife and 3 children while they were in their beds and then set fire to the house and left. There was a prosecution first for the murder of the wife, and the jury fixed the sentence at 20 years imprisonment. The defend-

258

ant was then prosecuted for the murder of one of his children and was again found guilty, and the jury fixed the imprisonment at 45 years. He was then prosecuted for the murder of his son and was found guilty and given a sentence of death.

In affirming the last conviction, the United States Supreme Court noted that the State was constitutionally entitled to prosecute these individual offenses singly, but a strong minority opinion characterized the action of the prosecution as harassment and stated that the State, in effect, tried the accused for 4 murders 3 consecutive times. The action of the State was described by the minority as an unseemly and oppressive use of a criminal trial. See also Hoag v. New Jersey, 356 US 464. The Illinois Legislature, in enacting the Criminal Code of 1961, must have been mindful of the "fundamental unfairness" rule discussed by the United States Supreme Court and, further, must have been mindful of the preferability of State restraints upon multiple prosecutions as distinguished from the next step, federal judicial restraint. It was against this developing background that our Criminal Code was enacted.

█ It seems clear, then, that this provision of a new code was not a statutory enactment of a prohibition against double jeopardy already found in our State and United States Constitutions. Rather, sec 3–3 is concerned with the situation in which more than one offense is found to arise out of the same conduct or the same act and the defense of double jeopardy is unavailable. Clearly, therefore, it is immaterial whether jeopardy has attached to the original charge.

█ Section 3–3 is a requirement of compulsory joinder and its purpose is to eliminate fundamental unfairness. In this connection, see and compare People v. Mullenhoff, 52 Ill App2d 369, 202 NE2d 128.

259

■ This section of the Criminal Code is a major change in the law. (Bowman, the Illinois Criminal Code of 1961, 50 Ill BJ 39.) It is not sufficient to show that one of the evils of multiple prosecution is not present so as to excuse noncompliance with this section of the Criminal Code. Rather, this is a legislative determination that one of the rights of the defendant is to be freed from multiple prosecutions for the same act, and it is a mandate to prosecuting officials when several offenses are known and are within the jurisdiction of a single court that they must prosecute those several offenses in a single prosecution, and "prosecution," as there used, refers to the time of initiating criminal charges, either by the return of an indictment or the filing of an information.

The trial court properly sustained the defendant's motion to dismiss the second information charging reckless driving which was, in effect, an effort at multiple prosecution for the same course of conduct, and prohibited. The judgment of the Circuit Court of Vermilion County is, therefore, affirmed.

Affirmed.

SMITH, P. J. and TRAPP, J., concur.