**People of the State of Illinois, Plaintiff-Appellee, v. Mark Thompson, Defendant-Appellant.**

**Gen. No. 67–41.**

Second Division.

November 3, 1967.

John O. Vogel, Deputy Public Defender, of Glen Ellyn, for appellant.

William V. Hopf, State's Attorney of DuPage County, of Wheaton (Kevin P. Connelly, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

The defendant, Mark Thompson, was found guilty by a jury of attempted rape and sentenced to the penitentiary for a minimum of five years and a maximum of fourteen years, from which he appeals.

On April 28, 1966, at about 12:15 a. m., one Mrs. Stephanie Wawak was alone, driving her car westerly, on Route 64 in DuPage County, Illinois. At the intersection of Route 83, while stopped at a stop light, she noticed the defendant's car enter Route 64 from a side street and come to a stop behind her car. She proceeded westerly, for approximately a mile, and signaled a right-hand turn onto Michigan Avenue. As she commenced her turn, and about halfway toward execution of it, the defendant's car rammed her car in the rear. She proceeded a short distance, in order that the defendant's car could get off of Route 64 and avoid other traffic, and stopped.

As she alighted from her car, the defendant approached and hit her about the head with his fists until she "went down." The defendant got into the driver's seat of Mrs. Wawak's car, after putting her into the passenger's side of the front seat, and moved the car to the side of the road, as it was blocking the street. He then went to the passenger's side of the car, pulled Mrs. Wawak out and struck her on the back until she "went down" again. He picked her up, carried her to his car, placed her in the front seat and drove northward on Michigan Avenue for about one and one half blocks, until his car became stuck in the mud. There, he took her scarf from the visor and tried to wipe blood from her face, but she resisted. He then attempted to kiss

her, which she also resisted, and he pushed her down on the seat and climbed on top of her. She struggled and was able to open the car door. He then closed the door and placed her on the back seat and, again, climbed on top of her. She continued to struggle and was successful in escaping from the car and ran toward approaching headlights, which turned out to be a police car.

On the same date, two complaints, one charging the defendant with battery, a misdemeanor (Ill Rev Stats 1965, c 38, § 12–3), and the other with attempt to commit rape, a felony (Ill Rev Stats 1965, c 38, § 8–4), were sworn out against him.

To best understand the points involved in this appeal, a chronological relation of the proceedings will be stated. On May 5, 1966, the defendant appeared in court; the Public Defender was appointed for him; the battery charge was continued to May 12, 1966, for arraignment and the attempt to commit rape charge was continued to May 18, 1966, for preliminary hearing. On May 12, 1966, the defendant entered a plea of not guilty to the offense of battery and the trial on that charge was set for June 14, 1966; on May 17, 1966, the Public Defender, on behalf of the defendant, requested the Clerk of the Court to place the misdemeanor charge on the court's call for the next day and signed a statement that he was appearing, at that time, to waive the defendant's right to trial by jury. He stated that he had no intention of giving the State's Attorney notice of the same. The following day, the defendant, his attorney and an assistant State's Attorney, not in charge of prosecuting the felony offense but assigned to the misdemeanor call, appeared in court. The defendant withdrew his jury demand as intended, but in addition, he also withdrew his not guilty plea and pled guilty to the charge of battery. The court continued sentencing on the guilty plea since it assumed that the State had no knowledge that the entering of a plea of guilty had been contemplated.

428

On the same day, within a matter of a short time and in another courtroom, the defendant was bound over to the grand jury on the felony charge. On June 1, 1966, the defendant was brought before the court for arraignment on the felony charge but requested and was granted a continuance in order to file a prearraignment motion. On June 8, 1966, the State filed a motion in the misdemeanor charge requesting the court to vacate its order of May 18, 1966, which allowed the defendant to plead guilty to the battery offense. On June 9, 1966, the defendant filed a motion to dismiss the felony charge on the basis of sections 3-3 and 3-4 of the Criminal Code (Ill Rev Stats 1965, c 38, §§ 3-3 and 3-4). On June 24, 1966, at 9:30 a. m., the court vacated its order of May 18, 1966, allowing the defendant to plead guilty to the misdemeanor and the State then nolle pros'd the misdemeanor charge. That same afternoon the court denied the defendant's motion to dismiss the felony indictment.

It is contended by the defendant on this appeal that 1) prosecution of the attempted rape constituted double jeopardy, and 2) prosecution for the attempted rape was improper since it was not prosecuted in a single prosecution along with the offense of battery.

 Article V of the U. S. Constitution and Article II, section 10 of the Illinois Constitution prohibits a person from being twice put in jeopardy for the same offense. Our Supreme Court has interpreted the phrase "for the same offense" in the case of People v. Flaherty, 396 Ill 304, 71 NE2d 779 (1947), where it was stated at page 309:

"Before the defense of former jeopardy can be sustained the offense involved must be the same, both in law and in fact. If the offenses are distinct in law, the defense of former jeopardy is not avail-

429

able, regardless of how closely they are connected in point of fact."

See also, People v. Williams, 4 Ill2d 440, 441, 123 NE2d 326 (1954) and ILP, Criminal Law, § 160.

██ In the case at bar, the defendant was charged with two separate and distinct crimes. Battery is neither the same nor is it an includable offense in the crime of attempted rape. People v. Dravilles, 321 Ill 390, 391, 152 NE 212 (1926). Therefore, the defendant's first contention is without merit.

The second alleged error claimed by the defendant is founded on his interpretation of sections 3–3 and 3–4 of the Criminal Code, the pertinent parts of which are herewith stated:

> Sec. 3–3: "(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.
>
> "(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act."

The defendant relies upon section 3–3(b) and further claims that if the State fails to follow the mandate of the legislature with respect to said subsection, then the defendant is entitled, upon motion, under section 3–4 of the Criminal Code, to have the subsequent prosecution dismissed.

At first glance, the defendant's reasoning seems quite logical and is buttressed, somewhat, by the case of People v. Mullenhoff, 33 Ill2d 445, 211 NE2d 744 (1965). However, we cannot agree with one of the premises re-

430

lied upon by the defendant. Section 3–3(b) requires that the offenses be compulsorily joined and prosecuted only if they are based upon the same act. People v. Griffin, 36 Ill2d 430, 433, 223 NE2d 158 (1967). In the Mullenhoff case, the same identical act at the same time and place was the basis for the second prosecution for a different offense. That is not the case before us.

■ The defendant in his statement of facts and in his argument refers to the plural of the word "act" and substitutes the word "conduct" for the word "acts." These two words cannot be used interchangeably. One of the differences between section 3–3(a) and 3–3(b) is that in subsection (a) the conduct of the defendant is the primary object whereas, in subsection (b) the act of the defendant is a qualifying factor.

As was stated in the Griffin case at pages 433 and 434:

> "Section 3–3 requires that offenses be prosecuted together only 'if they are based on the same act.' The comments of the drafting committee make it clear that this provision was not meant to require joinder of separate offenses resulting from the same 'conduct' (Committee Comment, SHA chap 38, par 3–3) which is defined as 'an act or a series of acts.' (Ill Rev Stat 1965, chap 38, par 2–4.)"

For further interpretation of this section see, People v. Miller, 35 Ill2d 62, 219 NE2d 475 (1966).

From a review of the facts in the case before us, it can be seen that the first two batteries suffered by the complaining witness and the later attempt to commit rape did not arise from the same act; consequently, the State was not bound by the provisions of section 3–3(b) of the Criminal Code, and the defendant's second contention is, therefore, also without merit.

The judgment of the Circuit Court of DuPage County is affirmed.

Affirmed.

DAVIS, P. J. and ABRAHAMSON, J., concur.