THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RHONDA RUSSELL, Defendant-Appellant.

(No. 74-394;

Fifth District—August 26, 1975.

Stephen P. Hurley, of State Appellate Defender's Office, of Mt. Vernon, and Brian Riger, Law Student, for appellant.

Michael J. Henshaw, State's Attorney, of Harrisburg (Bruce D. Irish and Robert J. Anderson, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant, Rhonda Russell, from the judgment of conviction entered by the circuit court of Saline County to the defendant's plea of guilty to the charge of involuntary manslaughter and the sentence of 1 to 3 years imposed thereunder.

On appeal the defendant raises the following issues: (1) whether the trial court erred in convicting her of "involuntary manslaughter when the facts only supported conviction for the lesser offense of reckless homicide"; and (2) whether the trial court abused its discretion by denying her request for probation and sentencing her to a term of 1 to 3 years. Since prior to oral argument in this court the defendant was granted parole, it is unnecessary for this court to consider the latter issue. Consequently, the sole issue before this court is whether the factual basis for the plea supported the conviction of the defendant for the offense of involuntary manslaughter.

The bill of indictment returned against the defendant charged the defendant with involuntary manslaughter

"* * * in that said defendant, acting in a reckless manner, and without lawful justification, did perform acts likely to cause the death or great bodily harm to some individual, in that while intoxicated the said defendant was operating a motor vehicle in a southerly direction along and upon Illinois Route 45 approximately 1½ miles North of Muddy, Illinois, and did cause said motor vehicle to run off the roadway on the right side and then to veer across the roadway into the northbound land [sic], thereby causing her automobile to strike a motor vehicle occupied by TENNA SOUTH, thereby causing the death of TENNA SOUTH,

in violation of Paragraph 9—3a,

Chapter 38, Illinois Revised Statutes."

Subsequent to the return of the above indictment the defendant, represented by retained counsel, pled guilty to the charge. Prior to accepting the defendant's plea the trial court advised the defendant of the nature of the charge and the possible penalties which could be imposed.

The trial court then proceeded to admonish the defendant regarding her right to a jury trial, to confront witnesses, and to remain silent. After determining that the plea was voluntary, the trial court accepted the defendant's plea of guilty to the charge of involuntary manslaughter.

The State's Attorney supplied the following factual basis for the plea:

> "* * * if this cause were to proceed to trial, the primary witness of the People would be Detective Jack Nolen of the Illinois State Police. Detective Nolen would testify that on April 13, 1974, at approximately 8:40 P.M. in the evening about a mile and a half north of the Village of Muddy located in Saline County, Illinois, the defendant, Rhonda Russell, was operating a motor vehicle in a southerly direction coming toward Harrisburg, that an automobile operated by Mr. Carroll South was proceeding north. At this place * * *, the defendant's automobile veered off the roadway pavement to the right side then veered back across the road way, across the center line into the north bound lane striking the South automobile in the left rear. As a result of the collision, the individual by the name of Tenna South was killed. She was pronounced dead at Doctor's Hospital by the Saline County coroner, Wendell Lambert. Subsequent investigation by Detective Nolen revealed that the defendant purchased a bottle of Valley High wine at the Gateway Inn at Muddy and consumed the total contents of that bottle. A blood analysis was taken from the defendant * * * shows the presence of 0.195 of a volatile substance calculated as Ethanol."

The defendant then affirmatively answered the trial court's inquiry whether the factual basis presented by the State's Attorney was substantially correct.

■■ We find that the foregoing factual basis, concurred in by the defendant, is sufficient to support a conviction for involuntary manslaughter. We reject the defendant's argument that the defendant's conduct can only support a conviction of the lesser offense of reckless homicide. In *People v. McCollough*, 57 Ill.2d 440, 313 N.E.2d 462, *appeal dismissed,* 419 U.S. 1043, 42 L.Ed.2d 637, 95 S.Ct. 614, our supreme court quoted with approval the comment of the drafting committee to section 9—3(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 9—3(b)). The quotation contained the following commentary,

> "Section 9—3(b) [the Reckless Homicide Provision] *is designed to indicate clearly that reckless homicide has the same elements as involuntary manslaughter*, though relating only to one of the many types of acts which may be involved in manslaughter; and that under an indictment for involuntary manslaughter while driv-

ing a motor vehicle, reckless homicide *may* be found as an included offense. The penalty subsection (c)(2) then provides a lesser penalty for reckless homicide, similar to that of the 1961 statute. This seems to be a much simpler method of dealing with the problem than that of using separate sections for involuntary manslaughter and reckless homicide, which would necessitate an explanation of the relationship between them." (Emphasis ours.) Ill. Ann. Stat. ch. 38, § 9—3 at 246 (Smith-Hurd 1972).

The court then concluded that the discretion vested in the prosecutor in determining for which offense he will prosecute is constitutionally permissible.

■■ We interpret *McCollough* to mean that a defendant may, under some circumstances, be guilty of both involuntary manslaughter and the lesser offense of reckless homicide. We believe the case at bar to be such a situation, justifying a conviction for either involuntary manslaughter or reckless homicide. We find no error in the trial court's acceptance of the defendant's plea of guilty to the charge of voluntary manslaughter.

■■ The defendant premises her contentions on what she claims are the mitigating circumstances for her high degree of intoxication on the day in question. Even if we assume, *ad arguendo*, that these allegedly extenuating circumstances, which were not before the trial court at the time the defendant tendered her plea of guilty, but were suggested at the sentencing hearing, are to be considered, we are compelled nevertheless to reject the defendant's contentions.

The Criminal Code of 1961 defines involuntary manslaughter as follows, "A person who kills an individual without lawful justification commits involuntary manslaughter if his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly." (Ill. Rev. Stat. 1971, ch. 38, par. 9—3(a).)

"Recklessness" is defined as "when he [the actor] consciously disregards a substantial and unjustifiable risk * * * that a result will follow * * * and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." (Ill. Rev. Stat. 1971, ch. 38, par. 4—6.) As summarized by the court in *People v. Dietschweiler*, 21 Ill.App.3d 707, 315 N.E.2d 585, 593, "Reckless performance of acts likely to cause death or great bodily harm is the gravamen of involuntary manslaughter." In the instant case the defendant's actions of driving while in an extremely intoxicated condition, as evidenced by her consumption of an entire bottle of wine, her driving off the side of the road and then veering back across the center line and hitting an oncoming vehicle, her lack of memory, and the alcoholic con-

tent of her blood, are sufficient to sustain a finding that she performed the potentially dangerous act of operating a motor vehicle in a reckless manner. The fact that the defendant was also guilty of reckless homicide is of no consequence. See *People v. McCollough*, 57 Ill.2d 440, 313 N.E. 2d 462, *appeal dismissed*, 419 U.S. 1043, 42 L.Ed.2d 637, 95 S.Ct. 614.

Having found a sufficient factual basis for the defendant's plea of guilty to the offense of involuntary manslaughter we affirm the judgment of conviction entered by the circuit court of Saline County.

Affirmed.

JONES, P. J., and G. MORAN, J., concur.