THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JERRY WHITLOW, Defendant-Appellant.

Fifth District    No. 75-544

Opinion filed May 3, 1977.

James Geis and Rebecca J. Davidson, both of State Appellate Defender's Office, of Chicago, for appellant.

Walden Morris, State's Attorney, of Harrisburg (Bruce D. Irish and James R. Sanders, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant, Jerry Whitlow, was charged in the circuit court of Saline County with the offense of criminal damage to property over $150. The property damaged was a tractor owned by W. D. Grisham. Following a jury trial, defendant was found guilty as charged and was sentenced to a term of imprisonment of one year to one year and six months. Defendant appeals the judgment entered.

On appeal, defendant presents two issues for review: whether the trial court erred in limiting his cross-examination of a State's witness; and whether he was improperly tried for the instant offense when he had been previously acquitted of a similar charge.

On April 16, 1975, three tractors were extensively damaged. One was owned by Grisham, another was owned by Lawrence Roberts, and the third, by Charles Lenard. Defendant was separately charged and was first tried for the damage done to Roberts' tractor. He was acquitted of that charge. Thereafter defendant was tried for the instant offense. At trial, the State presented evidence of the nature and extent of the damage done to Grisham's tractor. Mike Brogan and Willard Parker then each testified that they along with defendant committed the crime and that defendant was the person who actually damaged the tractor. In addition thereto, a written statement, signed by defendant, was admitted into evidence, wherein defendant stated that he, Brogan and Parker caused damage to three tractors.

Defendant testified that the written statement was the product of threats and that he signed it because he wanted to go back to his cell and sleep.

Defendant's first contention is that the court erred in sustaining an objection to his cross-examination of Brogan concerning Brogan's possible bias or motive to testify falsely. We initially will consider the State's response that this issue is waived. The State's contention is predicated on the following facts: on September 10, 1975, at the conclusion of the sentencing hearing, the trial court announced the sentence to be imposed; on September 11, 1975, defendant filed a motion for a new trial; on September 15, 1975, the judgment and sentence were filed; on September 19, 1975, defendant filed a notice of appeal; and thereafter, on December 3, 1975, following a hearing, defendant's post-trial motion was denied. The State argues, citing *People v. Kleba*, 1 Ill.

App. 3d 563, 275 N.E.2d 174, and *People v. DeMarino*, 72 Ill. App. 2d 38, 219 N.E.2d 132, that defendant waived consideration of the issues raised in his post-trial motion by filing a notice of appeal before the trial court ruled on the motion. In *Kleba* the court refused to consider an issue regarding the defendant's motion to withdraw his pleas of guilty since that motion had been filed in the trial court after a notice of appeal had been filed. In *DeMarino*, the court similarly refused to consider the defendants' motion in arrest of judgment since that motion had been filed subsequent to the filing of a notice of appeal. The distinction between these cases and the one at bar is obvious since in the instant case defendant filed his motion for a new trial *prior* to the filing of a notice of appeal. *Kleba* and *DeMarino* each involved a question of jurisdiction whereas the question before us merely involves the application of the doctrine of waiver.

■■ It is well established that generally the failure to raise an issue in a motion for a new trial constitutes a waiver of that issue which cannot then be urged as grounds for reversal on appeal. (*People v. Pickett*, 54 Ill. 2d 280, 296 N.E.2d 856; *People v. Irwin*, 32 Ill. 2d 441, 207 N.E.2d 76.) The purpose of the waiver rule is twofold; to inform the trial court of a possible mistake and give the court an opportunity to correct that mistake and to not allow a defendant to object to that which he has acquiesced in during the course of the trial. (*People v. Morgan*, 44 Ill. App. 3d 459, 358 N.E.2d 280.) In the case at bar, defendant had raised, in his post-trial motion, the issue now urged on appeal and he had substantially fulfilled the goal of having timely informed the trial court of his asserted objection. The record does not indicate that the trial court, the State or defense counsel were aware of the anomaly of conducting a hearing on the post-trial motion after sentence has been imposed and a notice of appeal filed. Under these circumstances, we will not deem defendant to have waived the issue he now seeks to raise.

Defendant's contention concerns the testimony of Brogan. Brogan testified that defendant had committed the crime and he admitted being an accomplice thereto and that he had been also charged with the crime. On cross-examination the following occurred:

"Q. Have there been any promises to you made by the office of State's Attorney?

A. Not as of yet.

Q. Are you expecting there to be any promises made—

Mr. Henshaw: Your Honor, I object to that. It is totally—

Court: The objection is sustained, as to what he expects."

Defendant argues that the court erred in not permitting him to cross-examine Brogan about any possible bias on the part of the witness stemming from the expectation of leniency in return for testimony

favorable to the State. The State responds by arguing that defendant failed to preserve his contention by failing to make an offer of proof. We find, however, this argument to be wholly without merit since on cross-examination the examining counsel will not ordinarily be presumed to have had an advance opportunity to know what a witness will answer. (*People v. Baptiste*, 37 Ill. App. 3d 808, 347 N.E.2d 92; see McCormick on Evidence § 51 (2d ed. 1972).) In any event the purpose of the line of inquiry is apparent thus obviating the need for an offer of proof.

■■ Turning to the merits of defendant's contention, it has been held that while the scope of cross-examination of witnesses rests largely in the discretion of the trial court, the widest latitude should be allowed a defendant for the purpose of establishing bias, interest or a motive to testify falsely on the part of a witness. (*People v. Mason*, 28 Ill. 2d 396, 192 N.E.2d 835; *People v. Hanks*, 17 Ill. App. 3d 633, 307 N.E.2d 638.) This is particularly true where the inquiry is intended to show possible promises by the State or expectations of the witness of leniency in return for testimony at trial where, as here, charges against the witness are pending and potential charges may be made. (*People v. Baptiste*, 37 Ill. App. 3d 808, 347 N.E.2d 92, and cases cited therein.) In the case at bar defendant should have been allowed to pursue the possibility that Brogan's testimony was motivated by his expectation of leniency. However, error in this regard was harmless in light of the overwhelming evidence against defendant. Parker's testimony was substantially the same as that of Brogan, although we note that no attempt was made to elicit from Parker any promises or expectations of leniency. In addition, defendant's confession was introduced into evidence. Consequently, even without Brogan's testimony there was ample evidence upon which the jury could find defendant guilty.

Next defendant contends that it was error to have tried him for the offense of causing damage to Grisham's tractor since he had previously been tried and acquitted of the charge of damaging Roberts' tractor. In support of this contention defendant first argues that under section 3—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 3—3) joinder of the offenses charged was compulsory since they were based on the same course of conduct. We find no merit to this argument.

■■ Section 3—3(b) requires that multiple offenses be compulsorily joined and prosecuted only "if they are based on the same act." (*People v. Thompson*, 87 Ill. App. 2d 426, 230 N.E.2d 889; compare *People v. Armstrong*, 127 Ill. App. 2d 457, 262 N.E.2d 354 with *People v. Mullenhoff*, 33 Ill. 2d 445, 211 N.E.d 744.) "Act" is not synonymous with "conduct". (*People v. Limauge*, 89 Ill. App. 2d 307, 231 N.E.2d 599.) Where there is a series of acts each resulting in a criminal offense, and such acts are related with respect to the offender's single purpose or plan,

separate prosecution is nonetheless not prohibited by the statute for each separate crime. *People v. Armstrong,* 127 Ill. App. d 457, 262 N.E.2d 354; *People v. Calloway,* 74 Ill. App. 2d 418, 221 N.E.2d 73; see also *People v. Piatt,* 56 Ill. App. 2d 254, 206 N.E.2d 124.

■■ The charges against defendant were based on separate and distinct acts involving different vehicles each owned by different people. Though it is not clear from the record, it appears that the offenses charged were committed at different but related times and places. It also appears that the only nexus between each of the acts is that they were a result of defendant's activities in going from vehicle to vehicle in an attempt to find and steal gasoline. Because of the difference in the evidence necessary to prove each charge, we find no violation of defendant's rights nor any fundamental unfairness arising out of separate prosecutions in each cause.

Defendant also argues that the State was collaterally estopped from prosecuting the instant cause due to defendant's acquittal on the charge of damaging Roberts' tractor. Since this issue is raised for the first time in this appeal we deem it waived. (*People v. Miles,* 13 Ill. App. 3d 453, 300 N.E.2d 822.) In any event, a record of the prior proceedings was not included by defendant with the record in the instant case. (See *Heritage Shelter Care Home, Inc. v. Miller,* 31 Ill. App. 3d 700, 334 N.E.2d 355.) Since the jury in the prior proceeding could have grounded its verdict upon ultimate factual issues other than those involved in the instant case, there is no basis to hold that the instant case was foreclosed thereby. (*Ashe v. Swenson* (1970), 397 U.S. 436, 25 L.E.2d 469, 90 S. Ct. 1189.) Consequently, we affirm the judgment of the circuit court of Saline County.

Affirmed.

G. MORAN and KARNS, JJ., concur.