THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ROBERT D. ADOLPHSON, Defendant-Appellee.

Third District  No. 78-318

Opinion filed July 11, 1979.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Ronald Hanna, of Hamm and Hanna, Ltd., of Peoria, for appellee.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This appeal was brought by the People of the State of Illinois from an order of the trial court dismissing a verified complaint as being insufficient to charge the offense of reckless driving. In addition to the complaint of reckless driving filed against the defendant, Robert D. Adolphson, he was issued a ticket for driving while under the influence of intoxicating liquors and for the illegal transportation of liquor. The charge of driving while under the influence of intoxicating liquors was later amended to driving while under the influence of drugs.

The complaint charging reckless driving alleged, in relevant part, that the defendant

"* * * did operate a motor vehicle with a wilful and wanton disregard for the safety of persons, himself, and property of others, in that while driving a motor vehicle he left the roadway and hit a steel post at the intersection of 6th Street and Cedar Street, Chillicothe, Peoria County, Illinois, causing damage to his vehicle and said post * * *."

This incident was also the basis for the other charges against the defendant.

After the trial court dismissed the reckless driving complaint, the State proceeded to prosecute the defendant on the remaining charges. As a result, the defendant was found guilty of the illegal transportation of liquor but not guilty of driving while under the influence of drugs.

In appealing, the State argues that it was error for the trial court to dismiss the complaint because it was sufficient to advise the defendant of the nature and elements of the offense charged, thus enabling him to prepare his defense and plead any resulting judgment as a bar to subsequent prosecution. As counterarguments the defendant contends the

facts alleged in the complaint, if proven, could not support a conviction of reckless driving and that, in any event, the State waived its right to appeal by proceeding to prosecute the remaining charges.

The waiver argument of the defendant is, in summary, that, since section 3—3(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 3—3(b)) requires that offenses based on the same act be prosecuted together, if they are within the jurisdiction of the same court, the State, upon the dismissal of the reckless driving complaint, should have immediately appealed that decision. To proceed with the prosecution of the other offenses, according to the defendant, was a violation of the requirement that these offenses arising out of the same "conduct" be tried together.

This argument has a basic, logical weakness. Section 3—3(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 3—3(a)) provides that if a defendant's conduct is the basis of more than one offense, that defendant may be prosecuted for each offense, but under section 3—3(b), a single prosecution of all of those offenses need be had only if the offenses arise out of the same act of the defendant. Conduct and act are not necessarily equivalent terms, for, although conduct may be one isolated act, it may also be a series of acts. Ill. Rev. Stat. 1977, ch. 38, par. 2—4.

At least one of the offenses charged against the defendant does not arise out of the same act of the defendant even though it was his collision with a steel post which brought to the attention of the police a number of his acts which might have proven to be offenses. Reckless driving is not the same act as the illegal transportation of liquor. One need not drive recklessly to transport liquor, even illegally. Nor does the transportation of liquor, in and of itself, require that the driver act recklessly. Although these acts may be done simultaneously, they are completely separate.

The relationship of reckless driving to driving while under the influence of drugs is more substantial because driving while in such a condition may be considered recklessness. (See *People v. Russell* (1975), 31 Ill. App. 3d 178, 334 N.E.2d 320.) It appears to be the State's argument that the collision with the post, alone, was sufficient to charge the defendant with reckless driving. As a result, we are cited to a case in which it was held that the failure to yield to a pedestrian in a crosswalk was not the same act as driving while under the influence of intoxicating liquors because the failure to yield is an act limited to a precise point in time, driving while intoxicated being a continuing violation. (*People v. Washington* (1974), 21 Ill. App. 3d 1077, 316 N.E.2d 639.) However, reckless driving, unlike failing to yield to a pedestrian, may also be a continuing violation.

In reply to the defendant's argument of waiver, the State presents its

own waiver argument. Specifically, the State argues that, because the defendant caused the severance, in effect, of the prosecutions of these offenses, he cannot now complain. In short, the entire case boils down to whether the complaint for reckless driving was properly dismissed as being insufficient. If it was properly dismissed, then the charge of reckless driving must have been based on the belief that the defendant was driving while under the influence of drugs, and the defendant certainly would not have waived his right to complain about the potential of being tried for reckless driving, having already been acquitted of the charge of driving while under the influence of drugs. This smacks of double jeopardy.

If, on the other hand, the complaint for reckless driving was sufficient, and therefore erroneously dismissed, the waiver argument of the defendant is entirely without merit, the act of colliding with the steel post being limited to a precise point in time while the alleged driving under the influence of drugs would have been a continuing violation, occurring prior to the recklessness as well as at that time. A complaint for reckless driving is not sufficient to advise the defendant of the precise offense with which he is charged unless it sets forth the particular acts that may have constituted an offense. Compare *People v. Walker* (1974), 20 Ill. App. 3d 1029, 314 N.E.2d 641, with *People v. Burch* (1974), 19 Ill. App. 3d 360, 311 N.E.2d 410.

■■ ■ In the case at bar, the complaint alleged that the defendant's automobile left the surface of the road and struck a steel post. Even though there may be other explanations for this incident, this is a sufficiently precise designation of the act which may have constituted the offense of reckless driving. It is irrelevant, when discussing the sufficiency of the complaint, that facts adduced at trial may prove that something other than reckless driving caused the collision.

As a result, the order of the Circuit Court of Peoria County dismissing the complaint of reckless driving against the defendant, Robert D. Adolphson, is reversed and the cause is remanded for a new trial.

Reversed and remanded.

ALLOY and BARRY, JJ., concur.