THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JESSIE D. CRABTREE et al., Defendants-Appellees.

Fifth District    No. 79-246

Opinion filed March 20, 1980.

Howard L. Hood, State's Attorney, of Murphysboro (Raymond F. Buckley, Jr., and William S. Zale, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

John H. Reid and John W. McGuire, both of State Appellate Defender's Office, of Mt. Vernon, for appellee John Crabtree.

Rex G. Burke, of Murphysboro, for appellee Jessie Crabtree.

Mr. JUSTICE KARNS delivered the opinion of the court:

The State appeals from the judgment of the Circuit Court of Jackson County dismissing an information filed against defendants John and Jessie Crabtree charging them with aggravated battery in violation of section 12—4(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(a)). The charges arose from a disturbance in Murph's Tavern in

Murphysboro, Illinois, which resulted in injuries to two of the tavern's patrons. The tavern owner testified at the preliminary hearing that the defendants used profanity, that they kicked and beat the two victims, and that the fight caused a general commotion. The fracas culminated in the defendants' arrest by police officers summoned to the scene and in the hospitalization of one victim, Lavern Smith, for four days. The arresting officers also issued municipal ordinance charges against the defendants for battery and disorderly conduct.

The municipal battery charges were dismissed by the State prior to trial on the State criminal offense. After securing a continuance of their trial on the aggravated battery charge, defendants pleaded guilty to disorderly conduct and were fined $40 each. Thereafter, defendants moved to dismiss the aggravated battery information on grounds that their prosecution was barred by sections 3—3 and 3—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, pars. 3—3, 3—4), and by the double jeopardy prohibition of the State and Federal constitutions (Ill. Const. 1970, art. I, §10; U.S. Const., amend. V.) Their motion was granted. The issue on review is whether defendants' conviction on the municipal ordinance charge of disorderly conduct bars their subsequent prosecution for the State felony offense of aggravated battery. We hold that it does not.

■■■ We first consider defendants' statutory claims. Section 3—3 of the Criminal Code provides in pertinent part that "(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense; (b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution * * * if they are based on the same act." (Ill. Rev. Stat. 1977, ch. 38, par. 3—3.) An "offense" is defined in section 2—12 of the Code as a violation of a *State* penal statute. (Ill. Rev. Stat. 1977, ch. 38, par. 2—12.) Hence, by definition, a municipal ordinance violation is not an "offense," within the meaning of section 3—3, and therefore that section does not apply here. The statute does not require the joint prosecution of a municipal ordinance violation and a State criminal offense. *United States ex rel. Raby v. Woods* (7th Cir. 1971), 440 F.2d 478, 484; *People v. Behymer* (1964), 48 Ill. App. 2d 218, 198 N.E.2d 729).

Commentary to section 3—3 establishes the further inapplicability of the statute to the instant factual situation. The joint prosecution requirement is triggered when multiple offenses derive from the "same act" of a defendant. The "same act" language was intended to describe the situation in which a single action affects several individuals, as when the single act of setting off an explosive injures several bystanders, or

when a single act of reckless driving results in harm to several pedestrians. It "is not intended to cover the situation in which several offenses * * * arise from a series of acts which are closely related with respect to the offender's single purpose or plan." Ill. Ann. Stat., ch. 38, par. 3—3, Committee Comments at 202 (Smith-Hurd, 1972).

The trial court viewed the crucial issue as being whether all of the defendants' actions were part of the "same conduct." The court found that because the State and municipal charges arose from the same fight and were "simultaneous incidents," they amounted to the "same conduct" and therefore should have been prosecuted jointly. We believe the trial court erred in viewing the disorderly conduct and the battery as the same act.

Defendants' conduct in the tavern comprised several different acts, giving rise to separate offenses. The municipal charge against Jessie Crabtree identified three separate acts: that the defendant (1) "did act in a disorderly and unreasonable manner"; (2) that he used profane language; and (3) that he engaged in a fight in a public place. The charge against John Crabtree also charged separate acts, in that he (1) "did knowingly and intentionally use profane language;" (2) "and did cause a fight by striking another while within a public place." It is apparent on the face of the charges that defendants committed more than one act which disturbed the peace and it is equally clear that the acts of "fighting" included but were not limited to "striking" another.

The municipal charges of "fighting" do not identify the same elements as the State felony offense of aggravated battery. The battery information alleged that defendants "did * * * without legal justification, intentionally cause great bodily harm to Lavern Smith, in that they struck and kicked Lavern Smith." Aggravated battery is defined in the Criminal Code as a battery wherein great bodily harm or permanent disability or disfigurement is intentionally or knowingly caused. (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(a).) The victim's identity, the gravity of the injury, and the means of injury were all elements charged in the State offense that were not elements of the municipal violation.

Still another reason underlies our decision that section 3—3 does not require joint prosecution of State and municipal offenses. As suggested by *Behymer*, the several charges are processed under different administrative policies. Although they both lie within the jurisdiction of the circuit court (Ill. Const. 1970, art. VI, §9), this unity of judicial authority does not carry over into investigative or administrative spheres, and the pretrial states of State and municipal prosecutions frequently are not synchronized. For the several reasons we have discussed, we find that

joint prosecution of the battery and disorderly conduct charges was not required by section 3—3.

Although the record is ambiguous, there is some suggestion that the trial court based its decision on section 3—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 3—4) as well as, or instead of section 3—3. Section 3—4 provides that:

"(b) A prosecution is barred if the defendant was formerly prosecuted for a different offense, or for the same offense based upon different facts, if such former prosecution:

(1) Resulted in either a conviction or an acquittal, and the subsequent prosecution is for an offense of which the defendant could have been convicted on the former prosecution; or was for an offense with which the defendant should have been charged on the former prosecution, as provided in Section 3—3 of this Code (unless the court ordered a separate trial of such charge); or was for an offense which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution, or the offense was not consummated when the former trial began * * *."

■■ The terms "same conduct" and "same act" should be interpreted narrowly and with specificity. Our supreme court has stated that sections 3—4 and 3—3 are applicable only where the same identical evidence is the basis for both charges; the statutes were not intended to cover situations where more than one offense arises from a series of closely related acts and the crimes require different elements of proof. (*People v. Johnson* (1970), 44 Ill. 2d 463, 474, 256 N.E.2d 343, 350.) As we explain below, the elements of aggravated battery and disorderly conduct are significantly different and each prosecution "requires proof of a fact not required on the other prosecution." For this reason, and also because the order granting defendants' motion to dismiss was not an acquittal (*People v. Loevy* (1971), 2 Ill. App. 3d 407, 275 N.E.2d 434), we find section 3—4 inapplicable.

The test for determining whether offenses are sufficiently distinct to allow municiple prosecutions without violating the double jeopardy clause was stated initially by the Supreme Court in *Blockburger v. United States* (1932), 284 U.S. 299, 304, 76 L. Ed. 306, 309, 52 S. Ct. 180, 182, and reiterated in *Brown v. Ohio* (1977), 432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221: "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." The "separate evidence" test, as adopted in Illinois,

emphasizes the elements of each crime. *People v. Gray* (1977), 69 Ill. 2d 44, 370 N.E.2d 797.

At issue here are separate acts with different elements. Aggravated battery, as here charged, requires proof that the defendants intentionally or knowingly caused great bodily harm to another. Ill. Rev. Stat. 1977, ch. 38, par. 12—4(a).) Disorderly conduct, under Murphysboro's municipal code, comprises the elements of alarming or disturbing another and provoking a breach of the peace. The State criminal offense of disorderly conduct consists of identical elements. (Ill. Rev. Stat. 1977, ch. 38, par. 26—1(a)(1).) *People v. Thompson* (1977), 55 Ill. App. 3d 795, 371 N.E.2d 326, held that the offenses of disorderly conduct and battery are separate and distinct and that disorderly conduct is not a lesser included offense of battery. We find the reasoning in *Thompson* applicable to the case before us. Disorderly conduct and aggravated battery being separate acts prosecuted by separate authorities, there is no prospect of duplicitous prosecution or punishment. See *United States ex rel. Raby v. Woods* (7th Cir. 1971), 440 F.2d 478.

■■■ Furthermore, the dismissal of the municipal battery charge is not a final order within the meaning of section 3—4 (*People v. Piatt* (1966), 35 Ill. 2d 72, 219 N.E.2d 481) and is not an acquittal within the meaning of the double jeopardy clause (*People v. Jackson* (1971), 132 Ill. App. 2d 1059, 271 N.E.2d 673). For these reasons, defendants' trial on the State battery charges would not constitute a second prosecution following an acquittal and would not violate the statutory or constitutional guarantees against double jeopardy. *People v. Woollums* (1978), 63 Ill. App. 3d 602, 379 N.E.2d 1385.

Defendants cite *Waller v. Florida* (1970), 397 U.S. 387, 25 L. Ed. 2d 435, 90 S. Ct. 1184; *People v. Gray* (1977), 69 Ill. 2d 44, 370 N.E.2d 797, *cert. denied* (1978), 435 U.S. 1013, 56 L. Ed. 2d 395, 98 S. Ct. 1887; *People v. Gilmore* (1974), 20 Ill. App. 3d 1090, 313 N.E.2d 602; and *People v. Piatt* (1965), 56 Ill. App. 2d 254, 206 N.E.2d 124, for the proposition that their convictions of the municipal ordinance violation bar their subsequent State prosecution. These cases do not support the defendants' position, however, because they all involve situations where a defendant was prosecuted for multiple offenses having identical elements, contrary to the distinguishable elements here charged. In *People v. Ward* (1978), 72 Ill. 2d 379, 381 N.E.2d 256, also cited by defendants, the supreme court held that a defendant, whose motion for new trial had been granted at the close of his burglary prosecution, could not be prosecuted thereafter for his alleged perjury during the battery trial. The court reasoned that the doctrine of collateral estoppel prevented the issue of the defendant's veracity from being relitigated. The facts and reasoning in *Ward* do not apply to the situation before us.

We conclude that the trial of the defendants for the offense of aggravated battery would not violate sections 3—3 or 3—4 of the Criminal Code of 1961 or constitute double jeopardy. In light of our decision, we find it unnecessary to address the State's arguments that defendants intentionally and deceptively procured their municipal convictions.

We reverse the judgment of the Circuit Court of Jackson County and remand this cause for proceedings consistent with this opinion.

Reversed and remanded.

JONES, P. J., and KASSERMAN, J., concur.