THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOHN RALPH PATETE, Defendant-Appellee.

First District (1st Division)    No. 79-1202

Opinion filed December 22, 1980.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

George P. Lynch, of Chicago, for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Pursuant to Supreme Court Rule 604(a)(1) (73 Ill. 2d R. 604(a)(1)), the State appeals from a judgment granting defendant's motion to dismiss the information charging him with aggravated battery and criminal damage to property. On appeal, the State contends that dismissal was improper since the trial court erroneously concluded that defendant was placed in double jeopardy and that the State violated the compulsory joinder provisions of the Criminal Code. Ill. Rev. Stat. 1977, ch. 38, par. 3—3.

Complainant testified that on the morning of November 11, 1976, he was driving to work. When he reached the intersection of Clausen and Dickens in Westchester, Illinois, defendant, who was driving behind him in a van, pulled in front of him and blocked the intersection. Defendant

and he stepped from their vehicles. According to complainant, defendant began verbally assaulting him. Complainant returned to his auto and proceeded to drive away when defendant rammed his van into the side of complainant's auto. In order to ram complainant's auto, defendant had to back over the public parkway, damaging it. Complainant's auto was also damaged.

Complainant further testified that he then got out of his auto and went to a nearby house for assistance. Defendant grabbed a baseball bat from the rear seat of complainant's auto and followed him. As complainant rang the doorbell, defendant struck him several times on the hand and head with the bat, causing injuries to complainant's ear.

An information was filed, charging defendant with aggravated battery and criminal damage to the complainant's auto. (Ill. Rev. Stat. 1977, ch. 38, pars. 12—4, 21—1.) Defendant moved to dismiss the information on the ground that such prosecution placed him in double jeopardy since he had previously pleaded guilty to a separate municipal charge of damage to village property, namely, the public parkway over which he drove when ramming complainant's auto. Defendant's motion was granted.

On appeal, the State argues that defendant was not placed in double jeopardy since the information charging him with damage to village property was a separate offense. Because multiple offenses arising from separate acts were involved, the State further contends that the trial court's dismissal cannot be justified on the basis that the State violated the compulsory joinder rule.

The constitutional protection against double jeopardy is a protection against being tried twice for the same offense. (*Illinois v. Vitale* (1980), ___ U.S.___, 65 L. Ed. 2d 228, 100 S. Ct. 2260; *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072.) For purposes of double jeopardy, offenses are not the same if proof of one offense does not of necessity include proof of the other offense. More specifically, if the statutory elements of one offense include an element of proof which the other offense does not include, then for purposes of double jeopardy the offenses are not the same. *Illinois v. Vitale; Iannelli v. United States* (1975), 420 U.S. 770, 43 L. Ed. 2d 616, 95 S. Ct. 1284.

■■ The information which charged defendant with damage to village property in violation of a municipal ordinance has not been made a part of this record on appeal. While defendant alleges that the municipal ordinance "is virtually a carbon copy" of section 21—1 of the Criminal Code (Ill. Rev. Stat. 1977, ch. 38, par. 21—1), defendant has not supplied the court with a copy of the ordinance for comparison; neither has the State. However, it is axiomatic that in order for a person to be convicted of violating the municipal ordinance of damaging village property an

element of that offense must be that village property was damaged. Clearly, this is not an element of the section 21—1 which is the subject of the appeal before us and which arises from the damage to the complainant's auto. And it is obviously not an element of the aggravated battery statute (Ill. Rev. Stat. 1977, ch. 38, par. 12—4), which is also the subject of this appeal. Consequently, because proof of the violation of the damage to village property ordinance will not prove the charges of criminal damage to complainant's property and aggravated battery, there is no double jeopardy in this case.

■■ We also agree with the State's contention that dismissal of the information cannot be justified on the grounds that the State has violated the compulsory joinder rule of section 3—3 of the Criminal Code (Ill. Rev. Stat. 1977, ch. 38, par. 3—3). This section concerns itself with multiple prosecutions for the *same act. (People v. Adolphson* (1979), 73 Ill. App. 3d 611, 392 N.E.2d 386; *People v. Woollums* (1978), 63 Ill. App. 3d 602, 379 N.E.2d 1385.) There is no requirement of joinder or of a single disposition of multiple offenses which arise from a series of acts. (*People v. Griffin* (1967), 36 Ill. 2d 430, 223 N.E.2d 158; *People v. Whitlow* (1977), 48 Ill. App. 3d 425, 363 N.E.2d 102.) The present case involves three separate acts: defendant's driving his van over the village parkway causing damage to it; the ramming of his van into complainant's auto damaging it; and his beating complainant with the baseball bat. Because three separate acts were involved, multiple prosecutions were permissible.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

Reversed and remanded.

GOLDBERG, P. J., and McGLOON, J., concur.