THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD R. HILL, Defendant-Appellant.

Fifth District   No. 5—83—0430

Opinion filed April 19, 1985.

Randy E. Blue and John R. Abell, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Don W. Weber, State's Attorney, of Edwardsville (Kenneth R. Boyle,

Stephen E. Norris, and Susan M. Young, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KASSERMAN delivered the opinion of the court:

Following a jury trial in the circuit court of Madison County, defendant, Donald R. Hill, was convicted of two counts of murder, two counts of reckless homicide, fleeing or attempting to elude a police officer, and three counts of disobeying a traffic control device. Judgment was entered on the murder convictions, and defendant was sentenced to two concurrent terms of imprisonment for 30 years each.

On appeal, three issues are raised: (1) whether the evidence was sufficient to support a murder conviction under section 9—1(a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 9—1(a)(2); (2) whether the guilty verdict of reckless homicide negated the mental state required for a murder conviction; and (3) whether the cause should be remanded for sentencing on defendant's conviction of fleeing or attempting to elude a police officer and disobeying a traffic control device.

At trial, Collinsville police officer Michael Italiano testified that while on patrol on December 16, 1982, at about 9 p.m. he observed a green 1970 Chevrolet, which was driven by defendant, stopped in the middle of the road. Officer Italiano said that he drove his patrol car behind the Chevrolet and that, as he approached, the vehicle pulled away. The Chevrolet made a sharp right turn and nearly struck the curb and then continued on and soon swerved across the double yellow line on the roadway. At this point, Officer Italiano turned on his patrol car lights and radioed for a license check on the car. The Chevrolet began to accelerate. As it continued on, the Chevrolet nearly hit a parked car, ran through a red light while making a right turn and again veered over the double yellow line. Officer Italiano said that he then turned on his siren and the Chevrolet accelerated to 50 to 55 miles per hour. According to Officer Italiano, the Chevrolet ran through another red light and narrowly missed hitting another vehicle. Officer Italiano estimated that the Chevrolet was traveling approximately 65 to 70 miles an hour as it approached the intersection of Illinois 157 and Belt Line Road. Officer Italiano stated that he began to decrease his speed because he saw the traffic light at the intersection changing to red. Officer Italiano testified that he then observed the Chevrolet go through the red light without slowing down and collide with a white Pontiac Trans Am and a silver Mercury Cougar.

William and Ruth Havlen, occupants of the Pontiac Trans Am, were pronounced dead at the scene of the collision. They died of "flail chest," described as being a condition in which the chest cage collapses and cannot expand for breathing.

Officer Italiano testified that he interviewed persons at the collision scene who said that defendant had been sniffing toluene earlier that day and that this prompted Officer Italiano to request a test for toluene from the crime laboratory.

Dr. John Spikes, chief toxicologist for the Illinois Department of Public Health, testified that analysis of a blood sample taken from defendant showed no traces of alcohol, stimulants, tranquilizers, barbiturates or toluene. Dr. Spikes described toluene as a solvent found in substances such as paint thinner and glue.

Dr. Eugene Joseph Aragona, a physician who treated defendant on the night of the collision, testified that medical personnel took samples of defendant's blood in the emergency room of Oliver Anderson Hospital. Dr. Aragona related that one of these samples was analyzed at the hospital itself and the other was sent to Smith-Kline Laboratories in St. Louis, Missouri, for analysis. He stated that the sample analyzed by Oliver Anderson Hospital showed that defendant's blood alcohol was .10 and that the sample of defendant's blood analyzed by Smith-Kline Laboratories showed no alcohol. Dr. Aragona testified that approximately one hour after the initial blood samples were taken, Collinsville police officer Ronald Borkowski came to the hospital and obtained another blood sample from defendant.

Officer Borkowski testified that the blood alcohol level for the blood sample he obtained from defendant was .10.

The jury returned verdicts of guilty for the offenses of murder, reckless homicide, fleeing or eluding a police officer and disobeying traffic control devices, and defendant has perfected this appeal.

In a supplemental brief defendant asserts that the jury's guilty verdict of reckless homicide negated the mental state required for a murder conviction. He cites the case of *People v. Milner* (1984), 123 Ill. App. 3d 656, 463 N.E.2d 148, *appeal dismissed* (1984), 102 Ill. 2d 36, 469 N.E.2d 1067, and urges that we apply the theory of "implied acquittal" in the instant case. Stated another way, defendant maintains that the jury's finding of the mental state of recklessness required for reckless homicide is the equivalent of involuntary manslaughter (*People v. Russell* (1975), 31 Ill. App. 3d 178, 180-81, 334 N.E.2d 320, 321-22) and that such finding negated any finding of intent necessary to support a conviction for murder.

The State, relying on the decision of the appellate court in *People*

*v. Hoffer* (1984), 122 Ill. App. 3d 13, 460 N.E.2d 824, contends that the theory of "implied acquittal" is inapplicable and further suggests that there is no inconsistency in the jury's verdicts of guilty for both murder and reckless homicide.

■ Our supreme court granted leave to appeal in *People v. Hoffer* and has recently entered its decision, in which it rejected the application of the doctrine of implied acquittal to prosecutions in which the defendant is found guilty of both murder and voluntary manslaughter. (*People v. Hoffer* (1985), 106 Ill. 2d 186, 196-98.) It is our conclusion that the rationale of *People v. Hoffer* is applicable to the case at bar (*cf. People v. Russell* (1975), 31 Ill. App. 3d 178, 180-81, 334 N.E.2d 320, 321-22) and that defendant's reliance on the doctrine of implied acquittal is misplaced.

■ Nevertheless, as in *Hoffer*, we find that the jury's verdicts which determined that defendant's actions were both knowing, as required by section 9—1(a)(2) (Ill. Rev. Stat. 1981, ch. 38, pars. 9—1(a)(2), 4—5), and reckless, as required by section 9—3(a) (Ill. Rev. Stat. 1981, ch. 38, pars. 9—3(a), 4—6), were legally inconsistent and warrant reversal and remandment for a new trial. See *People v. Hoffer* (1985), 106 Ill. 2d 186, 196.

For the foregoing reasons, the circuit court of Madison County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

JONES, P.J., and HARRISON, J., concur.