Donald HOFFER, Petitioner-Appellant,

v.

Robert MORROW, State's Attorney of Kane County, and Marvin Dunn, Circuit Court Judge, Respondents-Appellees.

No. 86–1111.

United States Court of Appeals, Seventh Circuit.

Argued June 17, 1986.

Decided July 15, 1986.

Ralph Ruebner, Chicago, Ill., for petition-er-appellant.

Jack Donatelli, Atty. Gen. of Ill., Chicago, Ill., for respondents-appellees.

Before WOOD, POSNER, and FLAUM, Circuit Judges.

POSNER, Circuit Judge.

This appeal from the denial of a writ of habeas corpus, 626 F.Supp. 786 (N.D.Ill. 1985), presents a double-jeopardy question of some novelty but little difficulty. In 1982 Donald Hoffer shot and killed Harold Peters. A jury in an Illinois court convicted him of murder, voluntary manslaughter, and involuntary manslaughter; and the judge sentenced him to 20 years in prison, for murder. The Illinois Supreme Court affirmed the reversal by the Illinois Appellate Court of all three convictions on the ground that they were inconsistent with each other, and remanded for a new trial on all three counts. *People v. Hoffer*, 106 Ill.2d 186, 88 Ill.Dec. 20, 478 N.E.2d 335 (1985), aff'g 122 Ill.App.3d 13, 77 Ill.Dec. 520, 460 N.E.2d 824 (1984). Hoffer then filed this habeas corpus action, claiming that for purposes of double jeopardy the convictions must be treated as an acquittal of all but the involuntary manslaughter charge. He lost, and filed this appeal. While the appeal was pending he pleaded guilty to voluntary manslaughter and was sentenced to nine years in prison. We must consider whether his guilty plea makes this appeal moot.

■ You can waive the defense of double jeopardy like other constitutional defenses but in the federal system and at least some state systems a plea of guilty is not considered a waiver of this particular defense. *Menna v. New York*, 423 U.S. 61, 62, 96 S.Ct. 241, 242, 46 L.Ed.2d 195 (1975) (per curiam); *United States v. Baugh*, 787 F.2d 1131 (7th Cir.1986); *United States v. Mazak*, 789 F.2d 580, 581 (7th Cir.1986). Although asked to brief the issue of mootness the parties have not enlightened us on whether under Illinois law a guilty plea waives double jeopardy. We need not pursue that question, however, since the best interpretation of Hoffer's plea is that it was conditional on his appeal's failing. If Hoffer lost this appeal he faced a retrial on the murder count and a possible sentence of 20 years. He was therefore under pressure to plead guilty to a lesser count. As the state was not content with involuntary manslaughter, the only way Hoffer could be sure of escaping another 20-year sentence was to plead guilty to voluntary manslaughter. Although he could have dropped this appeal as a concomitant of pleading guilty to voluntary manslaughter, he did not, which is a further indication that his purpose in pleading guilty was to put a cap on his potential liability rather than to abandon his double jeopardy argument.

■ A waiver is a deliberate relinquishment of a legal right, see, e.g., *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), and there was no waiver in this sense of Hoffer's argument that the jury verdict precluded any conviction other than for involuntary manslaughter. It is true that the word is often used as a synonym for forfeiture, as when a state criminal defendant who fails to raise his federal defenses in the state court system is held to have waived the right to make them in a federal habeas corpus proceeding. See, e.g., *Wainwright v. Sykes*, 433 U.S. 72, 88–90, 97 S.Ct. 2497, 2507–08, 53 L.Ed.2d 594 (1977); *Nutall v. Greer*, 764 F.2d 462, 464 (7th Cir.1985). But there was no waiver in this sense either; double jeopardy was one of the grounds of Hoffer's appeal from his original conviction.

Therefore this appeal is not moot. If Hoffer prevails in the appeal his guilty plea (which we interpret as conditional on the appeal's failing) will lapse, and he will have to be released from custody under it, cf. *Reimnitz v. State's Attorney of Cook County*, 761 F.2d 405, 408 (7th Cir.1985), although the state will still be free to retry him for involuntary manslaughter. It is true that here as in *Reimnitz* there is a question whether the petitioner has named the proper respondent if what he wants is to be released from custody under his plea, because neither of the respondents is his custodian; however, here as there the problem could be solved by amendment if necessary, see *id.* at 409, but it will not be necessary.

■ The state argues that Hoffer should be barred on equitable grounds from pursuing the appeal. The argument is that by admitting guilt of voluntary manslaughter Hoffer has taken a position that "is inconsistent with his prayer that he be held only to the offense of involuntary manslaughter. His conduct has made his habeas cause unworthy." We find this argument incomprehensible. There is to begin with no inconsistency. Hoffer's argument on this appeal is not that he is innocent of voluntary manslaughter but that he was acquitted of voluntary manslaughter. These are two different things; guilty people are sometimes acquitted, yet they have the same protection against being retried as innocent people. Anyway there is no doctrine that says you cannot take a position in a habeas corpus proceeding that is inconsistent with your position at trial.

So we come to the merits of Hoffer's double jeopardy claim. To evaluate it will require us to set forth the facts of the case and also the elements of the three forms of homicide that he was convicted of at trial. Hoffer's sister had been intimate with Peters but they had broken up and she had moved in with Hoffer. On the day of the killing Peters had entered Hoffer's house

while he was out and caused a commotion. When his sister reported this on his return home Hoffer said he was sick of Peters' breaking things and "he'd be ready for him when he came back after the bars closed." Shortly afterward Peters arrived and Hoffer, armed with a loaded shotgun, confronted Peters on the porch. Peters was wearing only a T-shirt and jeans and it was evident that he was not armed. According to the sister, after an exchange of words Peters turned around and began walking down the porch steps, away from Hoffer and with his back turned and his arms in the air. The sister yelled to Hoffer, "Don, don't do it; don't do it; don't shoot," but Hoffer shot, hitting Peters in the back and killing him. Hoffer testified that the gun was pointing straight up and resting on his shoulder until he thought he saw Peters—who was skilled with guns and had previously threatened to kill Hoffer—lowering his arms as if to reach for a gun, whereupon Hoffer lowered his gun, which went off with Peters facing him. But in fact as we have said Peters was shot in the back.

■ The judge correctly instructed the jury that to be guilty of murder Hoffer had to have not believed that the circumstances justified his using the force he did, that to be guilty of voluntary manslaughter he must have believed unreasonably that the circumstances justified this use of force, and that to be guilty of involuntary manslaughter he had to have killed unintentionally but by acts performed recklessly and likely to cause death or great bodily harm. Ill.Rev.Stat. ch. 38, ¶¶ 9–1(a)(1), 2(b), 3(a). The judge also instructed the jury that the offense of murder "includes the offenses of voluntary manslaughter and involuntary manslaughter," and the jury brought in as we have said a verdict of guilty on all three counts. The likeliest explanation for this result is that the jury concluded, in accordance with the great weight of the evidence, that Hoffer had murdered Peters, and reasoned from this conclusion that therefore he must have committed the other offenses as well, as the judge had said they were included. But actually the verdict was internally inconsistent. To find Hoffer guilty of murder the jury had to find that he had not believed that the circumstances justified the use of deadly force, but to find him guilty of involuntary manslaughter it had to find that he *had* believed this, while to find him guilty of involuntary manslaughter it had to find that he had acted unintentionally. The verdict on each count negated an element of the crimes in the other counts.

■ The Illinois Supreme Court might have concluded that the jury had found all the elements of murder and had then tacked on the other offenses because it was confused by the judge's reference to their being offenses included in murder, but instead it treated the entire verdict as a hopeless muddle and remanded for a new trial on all counts. Ordinarily when a conviction is overturned because of trial error (here an error by the jury, induced by the judge's erroneous instruction), the state is free to retry the defendant until he is convicted in an error-free trial; of course once he is acquitted, whether or not in an error-free proceeding, that is the end and the bar of double jeopardy descends. Therefore to invoke double jeopardy Hoffer must somehow find an acquittal buried in his three convictions.

■ This he attempts to do by analogy to cases such as *Price v. Georgia*, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970). Price, tried for murder but convicted only of manslaughter, appealed and the conviction was overturned because of error at the trial. The Supreme Court held that the state could not retry Price for murder because his conviction of manslaughter was implicitly an acquittal of the murder charge. The state had had a fair shot at convicting him of murder in the first trial, had failed to do so, and was stuck with the result. This case would be the same if the jury had convicted Hoffer only of involuntary manslaughter, if that conviction had been overturned because of an error at the trial, and if the state now wanted to retry Hoffer for murder or voluntary manslaughter. But that is not what happened. He was convicted of all the crimes with which he was charged. There was no implied acquittal.

However, noting that one element of double jeopardy doctrine is collateral estoppel (facts fairly found in an earlier proceeding can't be relitigated), see *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), Hoffer argues that his conviction of involuntary manslaughter was implicitly based on a finding that he had not intended to hurt or kill Peters, and that this finding prevents his being retried for offenses that require such an intent. But it is arbitrary to deem the jury to have authoritatively found lack of intent by convicting Hoffer of involuntary manslaughter yet ignore the contrary finding implied by the jury's having convicted him of murder and voluntary manslaughter. It would be more sensible, as we suggested earlier, to infer the latter than the former finding; for it would be monstrous for a jury to find that Hoffer had killed Peters by accident yet to go on and find him guilty of murder after having been carefully instructed on the elements of murder. In any event we accept the Illinois Supreme Court's characterization of the verdict as a muddle from which no findings of fact should be inferred. Hence the verdict provides no basis for collaterally estopping the government to retry Hoffer for murder or voluntary manslaughter (a process cut short of course by Hoffer's plea of guilty to voluntary manslaughter).

Finally and most ingeniously Hoffer argues that if the jury found both that he did and that he did not intend to kill Peters, this shows that the jury must have had a reasonable doubt of Hoffer's guilt of the greater offenses, and if it had a reasonable doubt it should have acquitted him of those charges and we should treat it as having done what it should have done. But doubts induced by trial error or by sheer confusion as to the elements of a crime or the relationship between separate charges in an indictment are not reasonable doubts of guilt. And it is unlikely as we have said that the jury had any doubt that Hoffer was guilty of murder; it is more likely that it merely thought that a finding of guilt of murder somehow entailed a finding of guilt of the lesser offenses—that this is what the concept that a greater offense includes a lesser one meant.

Our conclusion that an inconsistent verdict cannot be used to establish collateral estoppel and thereby bar retrial under the double jeopardy clause is consistent with (if indeed it is not compelled by) the rule that the acquittal of a defendant on one count does not require the reversal of his conviction on another even if the acquittal and conviction are logically inconsistent. *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984). In such a case the natural explanation for the inconsistency is jury lenity; here it is confusion; neither explanation provides a basis for concluding that the jury thought the defendant not guilty of any of the crimes with which he was charged.

Since there was no implied acquittal, and certainly no express acquittal, there is no bar to retrying Hoffer. This means that the denial of habeas corpus must be affirmed, that Hoffer's subsequent plea of guilty of voluntary manslaughter is not vulnerable on grounds of double jeopardy, and therefore that his custody under that plea does not violate the Constitution or laws of the United States. 28 U.S.C. § 2254(a).

AFFIRMED.