THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD HILL, Defendant-Appellant.

Fifth District    No. 5—86—0187

Opinion filed April 7, 1987.

Donald R. Hill, of Edwardsville, for appellant, *pro se.*

Dick Allen, State's Attorney, of Edwardsville (Kenneth R. Boyle, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KASSERMAN delivered the opinion of the court:

The defendant, Donald Hill, appeals pursuant to Supreme Court Rule 604(f) (103 Ill. 2d R. 604(f)) from the order of the circuit court of Madison County which denied his motions to dismiss on the grounds of double jeopardy. He also contends that he is being deprived of counsel on this appeal.

Following a jury trial in the circuit court of Madison County, defendant was convicted of two counts of murder, two counts of

reckless homicide, fleeing or attempting to elude a police officer, and three counts of disobeying a traffic control device. Judgment was entered on the murder convictions and defendant was sentenced to two concurrent terms of imprisonment for 30 years each. On appeal, defendant contended that the guilty verdicts on reckless homicide negated the mental state required for a murder conviction. In *People v. Hill* (1985), 133 Ill. App. 3d 644, 479 N.E.2d 370, guided by our supreme court's opinion in *People v. Hoffer* (1985), 106 Ill. 2d 186, 478 N.E.2d 335, *cert. denied* (1986), 474 U.S. 847, 88 L. Ed. 2d 114, 106 S. Ct. 139, this court found that the jury's verdicts which determined that defendant's actions were both knowing as required by sections 4—5 and 9—1(a)(2) of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1981, ch. 38, pars. 4—5, 9—1(a)(2)) and reckless as required by sections 4—6 and 9—3(a) of the Code (Ill. Rev. Stat. 1981, ch. 38, pars. 4—6, 9—3(a)) were legally inconsistent; therefore, this court reversed the circuit court of Madison County and remanded the cause for a new trial. This court also rejected defendant's contention that the guilty verdicts on reckless homicide were an implied acquittal of murder. Upon remandment, the defendant filed motions to dismiss the charges on the grounds of double jeopardy. Following argument, the trial court denied the motions, and defendant perfected the instant appeal.

■■ ■ Ordinarily, when a conviction is overturned because of trial error, the State is free to retry the defendant until he is convicted in an error-free trial; of course, once he is acquitted, whether or not in an error-free proceeding, that is the end of the proceedings and the bar of double jeopardy descends. (*Hoffer v. Morrow* (7th Cir. 1986), 797 F.2d 348, 351.) Therefore, to invoke double jeopardy defendant must somehow find an acquittal in these convictions.

■■ Defendant contends that the trial court verdicts of murder and reckless homicide were inconsistent, because the guilty verdict on the reckless homicide charge negated the mental state required for a murder conviction. However, we consider it arbitrary to deem the jury to have authoritatively found lack of intent by convicting defendant of reckless homicide yet ignore the contrary finding implied by the jury's having convicted him of murder. It would be more sensible to infer the latter than the former finding because it would be unthinkable for a jury to find that defendant had only recklessly caused the death of the victims, yet find him guilty of murder after having been carefully instructed on the elements of murder. The verdicts in the case at bar were a confusion from which no findings of fact should be inferred. Hence, the verdicts

provide no basis for collaterally estopping the government to retry defendant for murder. See 797 F.2d 348, 352.

Defendant relies on *Green v. United States* (1957), 355 U.S. 184, 2 L. Ed. 2d 199, 78 S. Ct. 221, which is inapposite to the case at bar. In *Green*, defendant was indicted by a grand jury in two counts. The first charged that defendant had committed arson by maliciously setting fire to a house. The second count accused defendant of causing the death of a woman by this alleged arson, which, if true, would constitute murder in the first degree punishable by death. After each party had presented its evidence to a jury, the trial judge instructed the jury that it could find Green guilty of arson under the first count and of either (1) first degree murder or (2) second degree murder under the second count. The trial judge treated second degree murder as an offense included within the language charging first degree murder in the second count of the indictment.

The jury found Green guilty of arson and of second degree murder but did not find him guilty on the charge of murder in the first degree. Green appealed the conviction for second degree murder, and the court of appeals reversed that conviction because it was not supported by evidence and remanded the case for a new trial.

On remand, Green was tried again for first degree murder under the original indictment. At the outset of his second trial, Green raised the defense of former jeopardy but the court overruled his plea. Green was then found guilty by a jury of first degree murder. In finding that the second trial for first degree murder placed Green in jeopardy twice for the same offense in violation of the constitution, the court pointed out that in the first trial the jury was authorized to find him guilty of either first degree murder or second degree murder. After the second degree murder conviction was reversed, Green was tried again, not for second degree murder, but for first degree murder, in spite of the fact that the original jury refused to find him guilty on that charge and it was in no way involved in his appeal. Green was in direct peril of being convicted and punished for first degree murder at his first trial. When given the choice between finding him guilty of either first or second degree murder, the jury chose the latter, which was an implicit acquittal on the charge of first degree murder. Thus, Green was forced to defend himself once on that charge, and the jury refused to convict him.

In the case at bar, the jury did not fail to return a verdict on the murder charge but in fact did return a guilty verdict on that

charge. Therefore, defendant's rights were not violated.

Defendant relies also on *Illinois v. Vitale* (1980), 447 U.S. 410, 65 L. Ed. 2d 228, 100 S. Ct. 2260, in which defendant, while driving his automobile, struck and killed two children. He was charged with failing to reduce speed to avoid an accident. (Ill. Rev. Stat. 1973, ch. 95½, par. 11—601.) Immediately following his conviction on that charge, defendant was charged with involuntary manslaughter. The Illinois Supreme Court ruled that the manslaughter prosecution was barred by the double jeopardy clause of the fifth amendment to the United States Constitution (U.S. Const., amend. V) as applied to the States through the due process clause of the fourteenth amendment (U.S. Const., amend. XIV). (*In re Vitale* (1978), 71 Ill. 2d 229, 375 N.E.2d 87.) The court reasoned that the lesser offense, failing to reduce speed, required no proof beyond that which was necessary for conviction of the greater offense, and, therefore, the greater offense was by definition the same as the lesser offense included within it for purposes of the double jeopardy clause.

On appeal to the United States Supreme Court, the court determined that the double jeopardy clause would not prohibit the State criminal prosecution for involuntary manslaughter provided that the offense of manslaughter by automobile did not always entail proof of a failure to reduce speed. The court stated that the mere possibility that the State would seek to rely on all of the ingredients necessarily included in the traffic offense to establish an element of its manslaughter case was not sufficient to bar the latter prosecution. If, however, as a matter of State law, a careless failure to reduce speed is always a necessary element of manslaughter by automobile, a trial on the latter charge would constitute double jeopardy. The cause was remanded to the Illinois Supreme Court to decide whether failure to reduce speed is always a necessary element of voluntary manslaughter.

In *Vitale*, the defendant was tried separately for two offenses arising out of the same incident. In the case at bar, on the other hand, the defendant was tried in one proceeding for all pending charges. Although the jury found Hill guilty of all charges, the trial court entered judgment only on the two convictions for murder. This court reversed defendant's convictions for murder and remanded the case for a retrial, which is not a separate trial after conviction as occurred in *Vitale*.

■ Furthermore, the murder indictment in the case at bar charged defendant with committing murder by driving "a 1970

Chevrolet at a high rate of speed directly into the side of the [victim's] vehicle." Defendant was not charged with speeding. Moreover, the charges of fleeing or eluding a police officer and disobeying a traffic control device did not allege speeding as one of their elements. Therefore, the foregoing traffic offenses were not lesser included offenses of murder.

██ █ Defendant last contends that he is being deprived of appellate counsel on this appeal. The office of the State Appellate Defender had been appointed to represent defendant; however, he filed a *pro se* "Motion to Withdraw Counsel," which stated that he was dissatisfied with appointed counsel. On September 11, 1986, this court discharged the office of the State Appellate Defender as defendant's counsel and granted the defendant leave to proceed *pro se*. Although not expressly so stated in the sixth amendment (U.S. Const., amend. VI), the right to self-representation is necessarily implied by the structure of that amendment. The right to defend is given directly to the accused, for it is he who suffers the consequences if the defense fails. (*Faretta v. California* (1975), 442 U.S. 806, 819-20, 45 L. Ed. 2d 562, 572-73, 95 S. Ct. 2525, 2533.) In the case at bar, defendant asked this court to allow him to exercise his right to self-representation, and this court granted that request. Defendant cannot now assign as error this court's order granting his request. An accused may not request the court to proceed in a given manner and then assign as error the ruling on action that he procured. See *People v. Miller* (1983), 120 Ill. App. 3d 495, 501, 457 N.E.2d 1373, 1379.

For the foregoing reasons, the order of the circuit court of Madison County which denied defendant's motions to dismiss is affirmed and the cause is remanded for further proceeding.

Affirmed and remanded with directions.

JONES and HARRISON, JJ., concur.