THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TIMOTHY FITZGERALD, Defendant-Appellant.

First District (6th Division)   Nos. 1—98—3932, 1—98—4531 cons.

Opinion filed May 5, 2000.

Michael J. Pelletier and Christopher W. Buckley, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Alan J. Spellberg, and Judy D. Martinez, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE ZWICK delivered the opinion of the court:

This is an appeal from a consolidated bench trial. Defendant, Timothy Fitzgerald, was charged with two counts of home invasion and one count of criminal damage to property in appeal No. 1—98—3932. He was charged with one count of attempted murder and three counts of aggravated battery in appeal No. 1—98—4531.

The record in No. 1—98—3932 shows that defendant, who was in a drunken and jealous rage at 2 a.m., broke through a door at the

home of Gail Cari, his former girlfriend. Defendant threw Cari to the ground, repeatedly kicked her, and struck her with various objects that were around the apartment. He also struck her guest, Michael Druzinski. Cari was treated at the hospital for contusions to her body. Druzinski had redness on his ear and cheek, but he was not treated.

The court acquitted defendant of home invasion. Although defendant had not been charged with aggravated battery, the court convicted him of that crime as a lesser included offense to home invasion. The court also convicted defendant of felony criminal damage to property.

The record in No. 1—98—4531 shows that defendant approached Steven Schlegel as Schlegel was leaving Cari's apartment at 12:30 a.m., a few days after the attack on Cari and Druzinski. As Schlegel was getting into his car, defendant shoved Schlegel to the ground and struck him with what a witness described as the wooden handle of a hammer. Schlegel subsequently assisted police in locating defendant and, approximately an hour later, went to the hospital and received treatment to the back of his head. The court acquitted defendant of attempted murder and one count of aggravated battery. The court convicted defendant of two counts of aggravated battery.

The trial court sentenced defendant to two years' felony probation for the convictions in No. 1—98—3932 to run concurrently with two year's felony probation for the convictions in No. 1—98—4531. The court also ordered defendant to pay $2,000 restitution to Cari and $1,650 in restitution to Schlegel.

Initially, defendant argues that he cannot be convicted of aggravated battery in appeal No. 1—98—3932 because he was never charged with aggravated battery and aggravated battery is not a lesser included offense of home invasion. A person cannot be convicted of an offense with which he has not been charged unless it is a lesser included offense. *People v. Jones*, 149 Ill. 2d 288, 292, 595 N.E.2d 1071 (1992).

■ There has been general agreement among the appellate decisions that aggravated battery is not a lesser included offense of home invasion. See *People v. Tate*, 106 Ill. App. 3d 774, 778, 436 N.E.2d 272 (1982); *People v. Rathgeb*, 113 Ill. App. 3d 943, 949, 447 N.E.2d 1351 (1983); *People v. Pettit*, 114 Ill. App. 3d 876, 884, 449 N.E.2d 1044 (1983), *aff'd*, 101 Ill. 2d 309, 461 N.E.2d 991 (1984); *People v. Yarbrough*, 156 Ill. App. 3d 643, 646, 509 N.E.2d 747 (1987); *People v. Doe*, 175 Ill. App. 3d 371, 380, 529 N.E.2d 980 (1988); *People v. Donnell*, 226 Ill. App. 3d 771, 777, 589 N.E.2d 975 (1992). The State, however, argues that all of these decisions were decided before the supreme court determined that the "charging instrument" approach should be used to determine whether one crime is a lesser included of-

fense of another. Under the charging instrument approach, an offense is deemed to be a lesser included offense if it is fairly described by the charging instrument used by the State to initiate the defendant's prosecution. *People v. Novak*, 163 Ill. 2d 93, 643 N.E.2d 762 (1994). The lesser offense must have a " 'broad foundation' " in the instrument charging the greater offense, or at least set out the " 'main outline' " of the offense. *Novak*, 163 Ill. 2d at 107, quoting *People v. Bryant*, 113 Ill. 2d 497, 505, 499 N.E.2d 413 (1986).

In this case, the charging instruments alleging home invasion states that the defendant "injured" Gail Cari and Michael Druzinsky and that he "kicked" Cari and "punched" Druzinsky. The elements of the subsection of the home invasion statute which the State sought to charge required the State to prove that defendant: (1) knowingly entered the dwelling place of a victim with knowledge that the dwelling was occupied, and (2) caused "any injury" to a victim. See 720 ILCS 5/12—11(a)(2) (West 1996). In contrast, the charge of aggravated battery based upon injury to a victim requires the State to establish that the victim suffered "great bodily harm." 720 ILCS 5/12—4(a) (West 1996). Thus, the infliction of great bodily harm is an essential element of the offense of aggravated battery. *People v. Figures*, 216 Ill. App. 3d 398, 401, 576 N.E.2d 1089 (1991).

■ Although the State alleged that the defendant caused Gail Cari injury in his attack on her, it is clear that the State did not set out in the indictment—in any way—that defendant caused Cari "great bodily harm." Thus, the main outline or broad foundation of the home invasion charges filed by the State are insufficient to support the conviction. Allegations that the defendant "punched" and "kicked" Cari are simply insufficient to put the defendant on notice that his trial could turn upon the State's ability to prove the essential element of "great bodily harm." Accordingly, we find that aggravated battery based upon great bodily harm is not a lesser included offense of home invasion as that crime has been charged. Therefore, defendant's conviction in appeal No. 1—98—3932 must be reversed.

In light of our determination that defendant's conviction for aggravated battery in appeal No. 1—98—3932 must be set aside, we need not address his claim that the evidence is insufficient to prove aggravated battery.

■ We turn to defendant's conviction in appeal No. 1—98—3932 for criminal damage to property. Defendant claims that the State failed to prove that he caused more than $300 in damages to Cari's property, an essential element of the felony criminal damage to property charge. 720 ILCS 5/21—1(2) (West 1996). (In cases where the defendant causes less than $300 in damage, the charge is a Class A mis-

demeanor. 720 ILCS 5/21—1(2) (West 1996).) Because the proper measure of damage is the cost required to *repair* the damage, defendant argues that the proof Cari spent $876 to *replace* the broken french doors was insufficient.

We reject defendant's claim as the evidence is sufficient to support the felony charge. When a defendant challenges the sufficiency of the evidence on appeal, the relevant question is whether, after reviewing all the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 261, 478 N.E.2d 267 (1985). Here, the trial court saw pictures of the door and its frame, which were cracked by defendant's conduct at the top, bottom and sides. The trial court also heard testimony that defendant smashed one of the double-paned glass plates in the door and broke flower pots and smashed a computer desk inside Cari's home. It was undisputed that Cari replaced the desk at a cost of $232.35. (Although defendant testified that he had originally purchased the desk, the facts suggest that Cari had acquired an ownership interest in it since it was in her apartment and he no longer lived there.) Accordingly, we conclude that the testimony presented is sufficient for the court to have determined that defendant caused more than $300 in damage to Cari's property.

■ We next address defendant's claim that his convictions for multiple counts of aggravated battery in appeal No. 1—98—4531 were improper. He was convicted of one count of aggravated battery for attacking Schlegel on a public way. The other count of aggravated battery was based upon the fact that the defendant caused Schlegel great bodily harm. The defendant does not challenge his conviction for attacking Schlegel on a public way but argues that he cannot also be convicted of aggravated battery based upon causing great bodily harm to Schlegel because the State is limited to charging one crime per act.

The State concedes that defendant cannot be guilty of multiple counts of aggravated battery in connection with the single attack on Steven Schlegel. A second conviction violates the one-act-one-crime rule announced by the supreme court in *People v. King*, 66 Ill. 2d 551, 566, 363 N.E.2d 838 (1977). Accordingly, we reverse the defendant's conviction for aggravated battery based upon great bodily harm.

■ We lastly turn to the trial court's award of restitution to Cari and Schlegel. Initially, defendant concedes that he has waived this issue because he failed to file a posttrial motion with the trial court attacking his sentence. In order to preserve a question for appellate review, both a contemporaneous objection and a written posttrial motion raising the issue are required. *People v. Enoch*, 122 Ill. 2d 176,

186, 522 N.E.2d 1124 (1988). The failure to properly preserve an issue will limit review to certain constitutional issues, questions on the sufficiency of the evidence, and issues of plain error. *Enoch*, 122 Ill. 2d at 190. The plain error doctrine will apply when the evidence is closely balanced or if the accused is denied a fair trial as a result of the error. *People v. Turner*, 128 Ill. 2d 540, 555, 539 N.E.2d 1196 (1989).

Defendant first raises various arguments attacking the amount of the court's award to Cari and Schlegel. However, determining the appropriate amount of a restitution order is a matter for the sound discretion of the trial court and the amount of the trial court's awards in this case were not so large as to indicate an abuse of discretion. Plain error should be limited to matters that prejudice a defendant's *substantial rights. People v. Smith*, 183 Ill. 2d 425, 430, 701 N.E.2d 1097 (1998). For example, whether defendant should have been ordered to reimburse Schlegel for the cost of purchasing new clothing after they were ruined by the blood from his injuries, or whether this amount should have been discounted because the clothing was not new when it was ruined, is simply not the type of issue that should invoke the plain error rule. Similarly, whether defendant can be made to pay restitution to Schlegel for his medical expenses when Schlegel admitted that he was insured is an issue that we consider waived.

However, certain expenses are not ever the appropriate bases for restitution, as a matter of law. Thus, in *In re T.W.*, 268 Ill. App. 3d 744, 644 N.E.2d 438 (1994), the court reversed a restitution order for the installation of security lights after the defendant was convicted of burglarizing the victim. The court stated succinctly, "[t]he statute does not provide for reimbursement of the cost of security measures added by a victim following the commission of an offense." *T.W.*, 268 Ill. App. 3d at 745.

In light of the fact that the trial court was without authority to award reimbursement to Cari for the cost of the security system she subsequently installed in her home, we find that the award of $500 to compensate Cari for installation of a security system was plain error and necessarily an abuse of discretion. Our decision in this regard is in no way a suggestion that defendant's conduct has not made the security system necessary for Cari and her daughter to help reestablish their peace of mind. We do so only because the authority of this court or the circuit court to enlarge the restitution allowed by section 5—5—6(a) of the Unified Code of Corrections (730 ILCS 5/5—5—6(a) (West 1996)) or to expand what has historically been the province of our civil courts is limited. *Cf. People v. Robinson*, 187 Ill. 2d 461, 719 N.E.2d 662 (1999) (appellate court's expansion of crime victim's rights amendment was contrary to prior precedent and invaded domain of the General Assembly).

For the foregoing reasons, we affirm defendant's convictions for criminal damage to property in appeal No. 1—98—3932 and reverse his conviction for aggravated battery. We affirm defendant's conviction for aggravated battery based on the commission of a battery in a public way in appeal No. 1—98—4531 and vacate his conviction for aggravated battery based upon great bodily harm. We remand the proceedings with directions to the circuit court to resentence defendant in conformity with this opinion.

Affirmed in part and reversed in part. Sentence vacated and cause remanded with instructions.

BUCKLEY and O'BRIEN, JJ., concur.