748 N.E.2d 255 (2001)
321 Ill. App.3d 470
254 Ill.Dec. 809
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Larry McDONALD, Defendant-Appellant.
No. 1-99-1631.
Appellate Court of Illinois, First District, First Division.
March 30, 2001.
Rehearing Denied May 4, 2001.
*256 Michael J. Pelletier, Deputy Defender, Manuel S. Serritos, Assistant Defender, Office of the State Appellate Defender, Chicago, for Defendant-Appellant.
Richard A. Devine, State's Attorney of Cook County (Renee Goldfarb, Susan Schierl Sullivan, and Kathryn A. Schierl, Assistant State's Attorneys, of counsel), Chicago, for Plaintiff-Appellee.
Justice COHEN delivered the opinion of the court:
Defendant Larry McDonald was indicted on two counts of the Class X felony of armed robbery and one count of the Class 3 felony of aggravated battery. 720 ILCS 5/18-2(a)(2) (West Supp. 1999); 720 ILCS 5/12-4(b)(10) (West 1998). The State nol-prossed the aggravated battery charge prior to trial. Following a bench trial, the trial court convicted McDonald of two counts of the Class 1 felony of aggravated robbery. 720 ILCS 5/18-5 (West 1998). Based on McDonald's prior criminal record, the trial court sentenced McDonald to an extended prison term of 28 years. 730 ILCS 5/5-5-3.2(b)(1), 5-8-2(a)(3) (West 1998). McDonald's posttrial motion for reduction of sentence was denied as untimely.
On appeal, McDonald contends that the trial court violated his right to due process of law by convicting him of aggravated robbery where aggravated robbery was neither a charged offense nor sufficiently alleged in the indictment against him. McDonald urges: (1) that we review this issue as a matter of plain error; (2) that we reduce his convictions to the Class 2 felony of robbery (720 ILCS 5/18-1 (West 1998)); and (3) that we remand the cause for a new sentencing hearing.
On November 13, 2000, we issued an order in this matter pursuant to Supreme *257 Court Rule 23 (166 Ill.2d R. 23). McDonald petitioned for rehearing. The order of November 13, 2000, was subsequently withdrawn to allow consideration of the petition for rehearing, as well as McDonald's motion for leave to cite additional authority, both of which are taken with the case. We hereby grant McDonald's motion for leave to cite additional authority and deny his petition for rehearing.

1. Sufficiency of Charging Instrument
In requesting that we review this matter under principles of plain error, McDonald concedes that because he failed to challenge his indictment either at trial or in a posttrial motion, he has otherwise waived the error. People v. Nathan, 282 Ill.App.3d 608, 610, 218 Ill.Dec. 164, 668 N.E.2d 648 (1996). Plain error is
"marked by `fundamental [un]fairness' [which] occurs only in situations which `reveal breakdowns in the adversary system,' as distinguished from `typical trial mistakes.' [Citation.] Put differently, what must be affected by the asserted error must be something `fundamental to the integrity of the judicial process.' [Citation.] Essentially, the fairness of the trial must be undermined." People v. Keene, 169 Ill.2d 1, 17, 214 Ill.Dec. 194, 660 N.E.2d 901 (1995).
Under the circumstances before us, McDonald's convictions are indeed the result of plain error and must be reversed.
It is axiomatic that no one may be convicted of an offense not expressly charged unless that offense is a lesser included offense of that which is expressly charged. People v. Hamilton, 179 Ill.2d 319, 323, 228 Ill.Dec. 189, 688 N.E.2d 1166 (1997); People v. Novak, 163 Ill.2d 93, 105, 205 Ill.Dec. 471, 643 N.E.2d 762 (1994); People v. Jones, 293 Ill.App.3d 119, 127, 227 Ill.Dec. 646, 687 N.E.2d 1128 (1997), leave to appeal denied, 176 Ill.2d 584, 229 Ill.Dec. 57, 690 N.E.2d 1384 (1998). The trial court convicted McDonald of two counts of aggravated robbery, an uncharged Class 1 felony. 720 ILCS 5/18-5 (West 1998). These convictions may only be upheld if we find aggravated robbery to be a lesser included offense of the charged offense of armed robbery. Hamilton, 179 Ill.2d at 323, 228 Ill.Dec. 189, 688 N.E.2d 1166; Jones, 293 Ill.App.3d at 127, 227 Ill.Dec. 646, 687 N.E.2d 1128. In Jones, we addressed the question of whether aggravated robbery is a lesser included offense of armed robbery in the context of whether the defendant was entitled to a lesser included offense jury instruction:
"In considering whether a crime is a lesser included offense of another, Illinois follows a `charging instrument' analysis. [Citation.] Under this approach, an offense is determined to be a lesser included offense, not by analyzing the statutory elements of the crimes involved and the possible theoretical ways in which [the] charged offense and alleged lesser included offense could be committed, but rather by comparing the charging instrument to the alleged lesser included offense to see whether the charging instrument sufficiently describes the `foundation' or `main outline' of that offense. [Citation.]" Jones, 293 Ill.App.3d at 128, 227 Ill.Dec. 646, 687 N.E.2d 1128, citing Novak, 163 Ill.2d at 107, 112, 205 Ill.Dec. 471, 643 N.E.2d 762.
Therefore, aggravated robbery may be found to be a lesser included offense of armed robbery in any given prosecution: the precise language of the charging instrument is determinative. In order to support McDonald's aggravated robbery convictions, the indictment against him must be found to sufficiently allege the "foundation" or "main outline" of the offense of aggravated robbery. Jones, 293 *258 Ill.App.3d at 128, 227 Ill.Dec. 646, 687 N.E.2d 1128.
Armed robbery and aggravated robbery require different elements of proof. The elements of the offenses differ in that armed robbery requires that a defendant "carr[y] on or about his or her person or [be] otherwise armed with a firearm," while aggravated robbery requires that a defendant "indicat[e] verbally or by his or her actions to the victim that he or she is presently armed with a firearm or other dangerous weapon." 720 ILCS 5/18-2(a)(2) (West Supp. 1999); 720 ILCS 5/18-5(a) (West 1998).
The indictment in Jones alleged armed robbery as follows:
"`Robert Jones committed the offense of armed robbery in that he, by the use of force or by threatening the imminent use of force while armed with a dangerous weapon, to wit: a handgun[,] took United States currency from the person or presence of Elaine Ramos * * *.'" Jones, 293 Ill.App.3d at 129, 227 Ill.Dec. 646, 687 N.E.2d 1128.
We held that "[a]lthough this indictment does allege the use of a firearm, an allegation sufficient to meet part of the third element of the aggravated robbery statute, it clearly does not allege that the gun was ever displayed to Ramos or that the defendant implied to Ramos that he possessed a gun." Jones, 293 Ill.App.3d at 129, 227 Ill.Dec. 646, 687 N.E.2d 1128. We found such an allegation to be a "necessary `foundation' or `main element'" of the aggravated robbery charge, and, following the reasoning of our supreme court in Novak, held that such an allegation could not be inferred from the remaining allegations of the indictment. Jones, 293 Ill.App.3d at 129, 227 Ill.Dec. 646, 687 N.E.2d 1128; Novak, 163 Ill.2d at 114, 205 Ill.Dec. 471, 643 N.E.2d 762. We therefore affirmed the trial court's refusal to tender the defendant's requested jury instruction on aggravated robbery. Jones, 293 Ill.App.3d at 129, 227 Ill.Dec. 646, 687 N.E.2d 1128.
McDonald was charged with two counts of armed robbery by means of the following indictment:
"LAWRENCE McDONALD committed the offense of ARMED ROBBERY in that HE, BY THE USE OF FORCE OR BY THREATENING THE IMMINENT USE OF FORCE WHILE ARMED WITH A DANGEROUS WEAPON, TO WIT: A GUN[,] TOOK UNITED STATES CURRENCY FROM THE PERSON OR PRESENCE OF ROSEMARY NAPIER * * *."
McDonald's second armed robbery indictment was identical to the first, except that the name "DALE GRASS" was substituted for that of "ROSEMARY NAPIER." Aside from the names, the sole difference between the indictments against McDonald and the indictment we considered in Jones is that McDonald's indictment uses the word "gun," as opposed to the use of the word "handgun" in Jones. We see no reason to alter our analysis: under Jones, the indictment against McDonald did not sufficiently allege the "foundation" or "main outline" of the offense of aggravated robberythat McDonald "indicat[ed] verbally or by his * * * actions to the victim[s] that he [was] presently armed with a firearm or other dangerous weapon." 720 ILCS 5/18-5(a) (West 1998); see Jones, 293 Ill.App.3d at 128, 227 Ill.Dec. 646, 687 N.E.2d 1128. Under the language of the indictments before us, aggravated robbery cannot be considered a lesser included offense of the charged offense of armed robbery. Therefore, these indictments cannot support McDonald's aggravated robbery convictions. The trial court committed plain error in convicting McDonald of an uncharged offense that was not a lesser included offense of the *259 charged offense of armed robbery. McDonald's convictions violate due process and must be reversed. People v. Fitzgerald, 313 Ill.App.3d 76, 79, 245 Ill.Dec. 914, 728 N.E.2d 1271 (2000).

2. Double Jeopardy Concerns
It could be argued that the trial court impliedly acquitted McDonald of armed robbery and that double jeopardy would bar a new trial on this charge. U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10. ("No person shall be * * * twice put in jeopardy for the same offense"). We disagree.
At sentencing, the trial court stated the following: "In regard to the case of People versus Lawrence McDonald's apparent two Counts [sic] of armed robbery, finding of guilty to the charge of aggravated robbery."
"Ordinarily, when a conviction is overturned because of trial error, the State is free to retry the defendant until he is convicted in an error-free trial; of course, once he is acquitted, whether or not in an error-free proceeding, that is the end of the proceedings and the bar of double jeopardy descends. [Citation.] Therefore, to invoke double jeopardy defendant must somehow find an acquittal in these convictions." People v. Hill, 154 Ill.App.3d 214, 216, 107 Ill.Dec. 510, 507 N.E.2d 174 (1987).
The defendant cannot "find an acquittal" in his conviction by means of the implied acquittal rule. "There is an implied acquittal of an offense where there is a guilty verdict on a lesser offense and silence as to the charged offense." People v. Fisher, 259 Ill.App.3d 445, 452, 198 Ill.Dec. 359, 632 N.E.2d 689 (1994). However, because the implied acquittal rule applies only to convictions on lesser included offenses, the rule has no effect in the case at bar. Fisher, 259 Ill.App.3d at 452, 198 Ill.Dec. 359, 632 N.E.2d 689; People v. Donnelly, 226 Ill.App.3d 771, 776, 168 Ill.Dec. 575, 589 N.E.2d 975 (1992).
Furthermore, absent the mechanism of the implied acquittal rule, we have no basis from which to infer whether the trial court intended to acquit McDonald of armed robbery by entering a judgment of conviction on aggravated robbery. Thus, we decline to infer from this confused verdict, in the face of the trial court's silence on the matter, any actual finding that McDonald was innocent of armed robbery. "The verdict[] in the case at bar [was] a confusion from which no findings of fact should be inferred. Hence, the verdict[] provide[s] no basis for collaterally estopping the government to retry defendant for [armed robbery]." Hill, 154 Ill.App.3d at 216-17, 107 Ill.Dec. 510, 507 N.E.2d 174. See also People v. Batson, 144 Ill.App.3d 1027, 1034, 99 Ill.Dec. 89, 495 N.E.2d 154 (1986).
Both the State (in preparing its charging instruments) and the trial courts (in rendering their verdicts) must endeavor to maintain an acute awareness of potential lesser included offenses and whether, under our case law, guilty verdicts on such offenses would find support in the language of the offense as charged.
We cannot afford McDonald his requested relief: no convictions remain for us to reduce under Rule 615(b)(3). 134 Ill.2d R. 615(b)(3); People v. Finn, 316 Ill.App.3d 1139, 1141-42, 250 Ill.Dec. 483, 738 N.E.2d 952 (2000).
For the foregoing reasons, the judgment of the trial court is reversed, and the cause is remanded for a new trial.
Reversed and remanded for new trial.
McNULTY, P.J., and FROSSARD, J., concur.